# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:03CR44-MU

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| TIMOTHY HAMES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the Government's Motion to Reconsider Defendant's Re-Sentencing. The Government's arguments, based on case law that emerged shortly after Defendant's sentencing, are well taken. However, the Court lacks jurisdiction to reconsider its sentence. Under Rule 35 of the Federal Rules of Criminal Procedure, a district court may only correct a sentence a) if the case is remanded by an appellate court for that purpose; b) on the Government's motion for downward departure based on substantial assistance; or c) for clear error, within seven days of the pronouncement of the sentence. Beyond those specific circumstances, a district court no longer has the authority to modify a pronounced sentence. United States v. Apple, 962 F.2d 335, 337 (4th Cir. 1992).

Here, the first two categories of Rule 35 clearly do not apply. While it is possible that the final category, clear error, could have applied at some point, Defendant was sentenced on April 27, 2006. The instant motion was not filed until May 8, 2006, eleven days later. The seven day window imposed by Rule 35 has therefore elapsed, and the Court is powerless to reconsider its sentence, no matter how well-formed the Government's position may be. Thus, this motion must be **DENIED**.

This dismissal should not be construed as limiting the Government's ability to raise these

issues on appeal, if it so chooses. If it does, Defendant may, of course, cross-appeal the Court's ruling that he did not produce enough evidence to overcome the presumption of reasonableness surrounding the Guidelines determination. Nothing in this opinion should be taken as limiting either party's right to appeal the Court's sentence.

**IT IS SO ORDERED.**

Signed: May 10, 2006

Graham C. Mullen
United States District Judge